IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUSTICE ONYEALISI IKE, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:21-CV-2320-D |
| VS. § | |
| § | |
| UNITED STATES CITIZENSHIP AND § | |
| IMMIGRATION SERVICES, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action under the Administrative Procedure Act, ("APA"), 5 U.S.C. §§ 701-706, plaintiff Justice Onyealisi Ike ("Ike") has re-filed a complaint that is nearly identical to one that the court previously dismissed. *See Ike v. U.S. Citizenship & Immigration Servs.* (*Ike I*), 2021 WL 2167054, at *8 (N.D. Tex. May 27, 2021) (Fitzwater, J.). Defendants move to dismiss under Fed. R. Civ. P. 12(b)(1), contending that the court lacks subject matter jurisdiction and that the case is barred by *res judicata*. For the following reasons, the court grants defendants' motion under Rule 12(b)(1) and permits Ike to file an opposition response to the ground for dismissal that the court raises *sua sponte*.

I

The court assumes the parties' familiarity with *Ike I* and recounts only the facts and procedural history necessary to understand this decision.

On March 20, 2019 Ike filed with defendant U.S. Citizenship & Immigration Services ("USCIS") an Immigrant Petition for Alien Worker ("Petition")—i.e., a USCIS Form I-

140—seeking a national-interest waiver under 8 U.S.C. § 1153(b)(2)(B)(i). USCIS issued a request for evidence, but after receiving Ike's "complete and thorough response," Compl. ¶ 11, it denied the Petition. Ike then filed suit in the United States District Court for the District of Columbia against USCIS and others,[1] alleging claims under the APA and the Fifth Amendment Due Process Clause and seeking and injunctive and declaratory relief.

On August 17, 2020, after it was served with process in Ike's suit, USCIS reopened Ike's Petition and, the following day, issued a Notice of Intent to Deny ("NOID") that, *inter alia*, invited Ike to submit additional evidence in support of the Petition, which he did. On December 1, 2020 USCIS again denied Ike's Petition.

Defendants then moved to transfer the case to this court. After the case was transferred, they moved under Rule 12(b)(1) to dismiss Ike's complaint. The court granted defendants' motion in *Ike I*. It dismissed Ike's APA claim due to the discretionary nature of the decision at issue, and it raised *sua sponte* that Ike's Fifth Amendment Due Process Clause claim was moot due to the issuance of the NOID and that his claim for declaratory relief sought to remedy a past alleged wrong. *Ike I*, 2021 WL 2167054, at *5, 6-7. The court granted Ike 30 days to respond to the *sua sponte* grounds for dismissal. *Id.* at *7. When Ike failed to respond, the court dismissed his suit without prejudice.

On September 30, 2021 Ike filed the instant lawsuit to pursue the claims this court dismissed in *Ike I*. Defendants now move under Rule 12(b)(1) to dismiss for lack of subject

---

[1] Ike also sued the Acting Director of USCIS, the Director of the Texas Service Center of USCIS, and the U.S. Attorney General, all in their official capacities.

matter jurisdiction and based on *res judicata*. Ike opposes the motion. The court is deciding the motion on the briefs, without oral argument.

II

The court turns first to defendants' motion under Rule 12(b)(1) to dismiss this action for lack of subject matter jurisdiction.[2]

As this court has previously explained in *Ike I* and other decisions, "Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See, e.g., Hunter v. Branch Banking & Tr. Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *Id.* The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny

---

[2]Defendants move under Rule 12(b)(1) to dismiss based on a lack of subject matter jurisdiction and under the doctrine of *res judicata*. But their *res judicata* argument is properly considered under Rule 12(b)(6) rather than Rule 12(b)(1). *See, e.g., Griffin v. Am. Zurich Ins. Co.*, 2016 WL 3360432, at *2 n.1 (N.D. Tex. Feb. 24, 2016) (Solis, J.) ("Zurich asserts its res judicata argument under Rule 12(b)(1), but because preclusion law is not a jurisdictional matter, the Court analyzes Zurich's argument under Rule 12(b)(6)." (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005))). When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, the court should consider the Rule 12(b)(1)-based jurisdictional challenge first. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

the motion." *Id.* (citation omitted) (citing *Paterson*, 644 F.2d at 523). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

### III

The court begins with Ike's APA claim. In *Ike I* the court held that it lacked subject matter jurisdiction over this claim because it "is based entirely on USCIS's discretionary decision to deny the Petition," and 8 U.S.C. § 1252(a)(2)(B)(ii) "bars judicial review of USCIS's discretionary denial of Ike's application for a national-interest waiver under [8 U.S.C.] § 1153(b)(2)(B)(i)." *Ike I*, 2021 WL 2167054, at *5. Ike's APA claim in the present suit is identical to the one the court dismissed in *Ike I*. Accordingly, the court concludes, for the reasons explained in *Ike I*, that it lacks subject matter jurisdiction over Ike's APA claim. *Id.* at *3-5. The court therefore grants USCIS's motion under Rule 12(b)(1) to dismiss that claim.[3]

### IV

The court next considers Ike's Fifth Amendment procedural due process claim.

In *Ike I* the court concluded that Ike's procedural due process claim—which was based on the allegation that defendants failed to give him a meaningful opportunity to challenge the June 1, 2020 denial of his Petition—was moot. The court reasoned that the "undisputed facts

---

[3]Because the court is dismissing Ike's APA claim under Rule 12(b)(1), it need not consider under Rule 12(b)(6) whether this claim is barred by *res judicata*.

- 4 -

clearly allege that Ike was provided 'the opportunity to address the Defendants' failure [to] properly engage with the evidence [he] submitted,' Am. Compl. ¶ 37, thus rendering moot the due process claim based on USCIS's initial failure to provide such an opportunity." *Ike I*, 2021 WL 2167054, at *7.

In the instant lawsuit, Ike now alleges that "[t]he issuance of the [NOID] did not come with any serious review of the facts of the case, and therefore does not remedy the Defendants' Due Process violation." Compl. ¶ 58. And in his opposition to defendants' motion to dismiss, Ike maintains that his due process claim is not moot because

> a core of Plaintiff's argument is that Defendants did not review in any meaningful way the evidence submitted and the lengthy arguments regarding Plaintiff's qualifications for the benefits sought. Defendant dismissed these arguments with boilerplate language, suggesting a cursory review that was, as discussed above, arbitrary and capricious. Defendant did not, in short, offer any kind of meaningful opportunity to respond to its basis for denial.

P. Br. 14-15.

To the extent that Ike's procedural due process claim was not rendered moot by USCIS's providing an opportunity to respond to the August 18, 2020 NOID, the court raises *sua sponte* that it lacks jurisdiction to consider it.[4] Although pleaded as a Fifth Amendment due process claim, Ike is actually seeking judicial review of the denial of his Petition, which,

---

[4]"[T]he court must notice its own lack of subject matter jurisdiction *sua sponte*, if necessary." *TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 618 (N.D. Tex. 2007) (Fitzwater, J.). It is required to dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Rule 12(h)(3).

for the reasons explained in *Ike I*, is precluded under 8 U.S.C. § 1252(a)(2)(B)(ii). Similar to the plaintiff in *Mousavi v. United States Citizenship & Immigration Services*, Ike "cannot separate [his] constitutional claim[ ] from [USCIS]'s exercise of discretion." *Mousavi v. U.S. Citizenship & Immigration Servs.*, 828 Fed. Appx. 130, 133 (3d Cir. 2020). Ike alleges that, even though USCIS issued a NOID, this "did not come with any serious review of the facts of the case." Compl. ¶ 58. But this court "lack[s] jurisdiction to consider constitutional claims that 'require[] [it] to revisit and review [USCIS]'s exercise of discretion." *Id.* (some alterations in original) (quoting *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 206 (3d Cir. 2006)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) ("*Notwithstanding any other provision of law (statutory or nonstatutory)*, . . . no court shall have jurisdiction to review . . . decision[s] . . . specified under this subchapter to be in the discretion of the . . . Attorney General or the Secretary of Homeland Security."). Ike's constitutional claim goes to the heart of USCIS's statutorily unreviewable discretion to weigh the evidence and deny Ike's Petition. This court cannot review how USCIS acted, or why. *See Mousavi*, 828 Fed. Appx. at 134.[5]

---

[5]In *Ike I* the court concluded that Ike's procedural due process claim "appear[ed] to be distinct from USCIS's discretionary decision to deny the Petition," because Ike had "allege[d] that defendants violated his procedural due process rights by failing to give him a meaningful opportunity to challenge the denial of the Petition, presumably by failing to issue a NOID prior to the June 1, 2020 denial." *Ike I*, 2021 WL 2167054, at *6. The court's decision today—which concludes that it lacks subject matter jurisdiction over Ike's procedural due process claim (a claim based on USCIS's failure to meaningfully review the evidence)—is not inconsistent with *Ike I*.

V

The court turns next to Ike's declaratory judgment claim. In *Ike I* the court raised *sua sponte* that this claim should be dismissed pursuant to the court's discretion because "the relief that Ike [sought]—even in the form of mandatory injunctive relief—[was] essentially to remedy a past alleged wrong, i.e., USCIS's failure to comply with the requirements of 8 C.F.R. § 103.2(b)(16)(i) when it issued the June 1, 2020 denial of Ike's Petition"; the court noted that it had "previously declined in its discretion to enter declaratory judgments when parties have sought to remedy past wrongs." *Ike I*, 2021 WL 2167054, at *7 (footnote omitted) (citing *Garcia v. Bank of N.Y. Mellon*, 2012 WL 692099, at *4 (N.D. Tex. Mar. 5, 2012) (Fitzwater, C.J.)).

In count III of the instant suit, Ike again seeks a declaration that defendants violated 8 C.F.R. § 103.2(b)(16)(i) by failing to issue a NOID related to the original denial, but he adds the allegation that "[t]hese serious and lasting consequences,"—i.e., that Ike has been unreasonably denied his adjustment of status and "compelled to leave his job and his home and leave the country due to USCIS error,"—"mean that Plaintiff does not seek a remedy of a past injury but rather a remedy for an ongoing and continuing injury." Compl. ¶ 65. He maintains in his response that

> Defendant's argument that Plaintiff seeks only to remedy a past wrong fails. Plaintiff did indeed argue that his procedural due process rights were violated by the failure of Defendant to issue a [NOID]. Fundamentally, however, the due process failure was the lack of the ability to meaningfully challenge Defendants' actions. A cursory review of evidence before reaching a decision on the exact same basis as the previous denial is not a

>>meaningful opportunity. Further, it plays into continuing and lasting harm to Plaintiff's ability to live and work in the United States.

P. Br. 15.

But Ike has not pleaded a claim for declaratory judgment with respect to the ultimate denial of his Petition.[6] *See* Compl. ¶¶ 60-65. Count III refers only to USCIS's violation of 8 C.F.R. § 103.2(b)(16)(i) in relation to the June 1, 2020 denial, and Ike has failed to allege any continuing harm as a result of that failure.

Accordingly, for the reasons explained in *Ike I*, the court declines in its discretion to enter a declaratory judgment, and it dismisses count III of the complaint, without prejudice.

VI

Because the court is raising *sua sponte* that 8 U.S.C. § 1252(a)(2)(B)(ii) precludes the court from exercising subject matter jurisdiction over Ike's Fifth Amendment due process claim, it grants Ike 21 days from the date of this memorandum opinion and order to file a brief that sets out his opposition to dismissing his Fifth Amendment due process claim on this ground. After considering Ike's response, the court will decide whether to invite defendants to file a reply.

---

[6]Even if he had, this court would not have subject matter jurisdiction over such claim for the reasons explained above. *See supra* at § IV.

- 8 -

\* \* \*

Accordingly, for the reasons explained, the court grants defendants' motion to dismiss under Rule 12(b)(1), and it grants Ike 21 days from the date of this memorandum opinion and order to file an opposition response to the ground for dismissal that the court has raised *sua sponte*.

**SO ORDERED**.

March 10, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE