IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUSTICE ONYEALISI IKE, § | |
| § | |
| Plaintiff, § | |
| § Civil Action No. 3:21-CV-2320-D | |
| VS. § | |
| § | |
| UNITED STATES CITIZENSHIP AND § | |
| IMMIGRATION SERVICES, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action arising from defendant United States Citizenship & Immigration Services' ("USCIS's") denial of plaintiff Justice Onyealisi Ike's ("Ike's") application for a national interest waiver under 8 U.S.C. § 1153(b)(2)(B)(i), Ike has responded to the basis that the court has raised *sua sponte* for dismissing his Fifth Amendment procedural due process claim. For the reasons that follow, the court concludes that it lacks subject matter jurisdiction over this claim and dismisses Ike's action without prejudice by judgment filed today.

I

The court assumes the parties' familiarity with its decisions in *Ike v. U.S. Citizenship & Immigration Servs.* (*Ike I*), 2021 WL 2167054 (N.D. Tex. May 27, 2021) (Fitzwater, J.), and *Ike v. U.S. Citizenship & Immigration Servs.* (*Ike II*), 2022 WL 717262 (N.D. Tex. Mar. 10, 2022) (Fitzwater, J.), and recounts only the facts and procedural history necessary to understand this decision.

Ike filed an Immigrant Petition for Alien Worker ("Petition") (USCIS Form I-140)

with defendant USCIS, seeking a national interest waiver under 8 U.S.C. § 1153(b)(2)(B)(i). After USCIS denied the petition, Ike sued USCIS and others, alleging claims under the Administrative Procedure Act, ("APA"), 5 U.S.C. §§ 701-706, and the Fifth Amendment Due Process Clause. USCIS then reopened Ike's Petition, and, the following day, issued a Notice of Intent to Deny ("NOID") that, *inter alia*, invited Ike to submit additional evidence in support of the Petition, which he did. Several months later, USCIS again denied Ike's Petition.

In *Ike I* the court granted defendants' motion under Fed. R. Civ. P. 12(b)(1) to dismiss Ike's APA claim for lack of subject matter jurisdiction. *Ike I*, 2021 WL 2167054, at *5. The court also raised *sua sponte* that Ike's other claims were subject to dismissal, and granted Ike 30 days to respond to these *sua sponte* grounds. *Id.* at *6-7. When Ike failed to respond, the court dismissed his lawsuit without prejudice.

On September 30, 2021 Ike filed the instant lawsuit to pursue the claims this court dismissed in *Ike I*—i.e., claims under the APA and the Fifth Amendment Due Process Clause. In *Ike II* the court dismissed Ike's APA and declaratory judgment claims for the reasons explained in *Ike I*, and it raised *sua sponte* that it lacked jurisdiction to consider Ike's Fifth Amendment due process claim. The court reasoned that "Ike is actually seeking judicial review of the denial of his Petition, which, for the reasons explained in *Ike I*, is precluded under 8 U.S.C. § 1252(a)(2)(B)(ii)." *Ike II*, 2022 WL 717262, at *2. Because the court raised this ground for dismissal *sua sponte*, it granted Ike 21 days to file a brief setting out his opposition to dismissing his Fifth Amendment due process claim on this ground. *Id*. at

\*3.

Ike has responded and has conceded that the denial of a national interest waiver is discretionary and generally unreviewable under 8 U.S.C. § 1252(a)(2)(B)(ii).[1] But he maintains that, because he has alleged at least a colorable constitutional violation—i.e., that USCIS failed to provide him a meaningful opportunity to challenge the denial of his Petition when it issued a NOID that did not seriously review the evidence he submitted—his Fifth Amendment due process claim is reviewable under 8 U.S.C. § 1252(a)(2)(D) and the APA.

II

As a preliminary matter, the court holds that it does not have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review Ike's constitutional claim. Section 1252(a)(2)(D) states:

> [nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon *a petition for review filed with an appropriate court of appeals* in accordance with this section.

*Id*. (emphasis added). Ike's complaint is not a "petition for review" of an order of removal "filed with an appropriate court of appeals." *Id.* Instead, it is a civil action filed in the district court challenging the denial of his application for a national interest waiver. Accordingly, § 1252(a)(2)(D) is inapplicable. *See, e.g.*, *U.S. ex rel. Vas v. Chertoff*, 369

---

[1] 8 U.S.C. § 1252(a)(2)(B)(ii) provides, in pertinent part: "no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security."

Fed. Appx. 395, 402 (3d Cir. 2010) ("Section 1252(a)(2)(D) unambiguously refers only to the jurisdiction of the courts of appeals. It makes no mention of, and has no effect on, the jurisdiction of the district courts. Moreover, § 1252(a)(2)(D) applies only to petitions for review of final removal orders."); *Ajlani v. Chert off*, 545 F.3d 229, 235 (2d Cir. 2008) ("While the statute creates an exception for "constitutional claims or questions of law," . . . jurisdiction to review such claims is vested exclusively in the courts of appeals."); *Easwarankudyil v. Hazuda*, 2014 WL 11498059, at *3 (N.D. Tex. May 19, 2014) (Solis, J.) (holding that district court "is not the proper place to raise a review of constitutional claims or questions of law. Rather, § 1252(a)(2)(D) provides that constitutional claims or questions of law may be reviewed upon a 'petition for review filed with an appropriate *court of appeals*." (footnote omitted) (collecting cases)).

### III

Nor is the court persuaded, based on the Administrative Appeals Office's ("AAO's") decision in *In re Dhanasar*, 26 I. & N. Dec. 884 (AAO 2016), that USCIS's denial of Ike's petition was not discretionary.

### A

In *Dhanasar* the AAO adopted the following framework for adjudicating national interest waiver petitions:

> USCIS may grant a national interest waiver if the petitioner demonstrates by a preponderance of the evidence: (1) that the foreign national's proposed endeavor has both substantial merit and national importance; (2) that the foreign national is well positioned to advance the proposed endeavor; and (3) that, on

> balance, it would be beneficial to the United States to waive the requirements of a job offer and thus of a labor certification. If these three elements are satisfied, USCIS may approve the national interest waiver as a matter of discretion.

*Id.* at 889 (footnotes omitted).

Ike argues that *Dhanasar* created a bifurcated process of review for national interest waivers consisting of a nondiscretionary analysis of three elements and a discretionary determination whether to grant the waiver; that USCIS's discretionary powers are only triggered once it has applied the facts to the standards imposed by *Dhanasar*; that USCIS may *not* grant a national interest waiver if the three *Dhanasar* elements are not met; that because USCIS alleges that Ike did not meet the *Dhanasar* elements, it also necessarily alleges that it did not exercise discretion because it had no authority to grant a national interest waiver; that in the adjustment of status context, the Third Circuit has held that where the denial of the applicant's petition was based on the legal question whether he was statutorily eligible for adjustment of status, the jurisdiction-stripping statute at issue did not apply; that although the *Dhanasar* factors require at least some subjective determinations, *Dhanasar* provides clear guidance for making such subjective determinations and there is a clear legal standard to apply (i.e., preponderance of the evidence); and that, in sum, "[t]he *Dhanasar* factors create non-discretionary minimum standards of eligibility such that the failure to properly apply the facts to them would constitute a violation of Mr. Ike's procedural due process rights." P. Br. 10.

B

The court disagrees that the three factors outlined in the *Dhanasar* framework are nondiscretionary such that § 1252(a)(2)(B)(ii)'s jurisdictional bar does not apply.

In *Poursina v. U.S. Citizenship & Immigration Servs.*, 936 F.3d 868 (9th Cir. 2019)—a decision on which this court relied in *Ike I*—the Ninth Circuit addressed and rejected this same argument. In *Poursina* the plaintiff argued that, because *Dhanasar* "impose[d] 'objective criteria' that constrain USCIS's exercise of discretion . . . the refusal to issue a national-interest waiver falls outside of § 1252(a)(2)(B)(ii)'s jurisdictional bar." *Poursina*, 936 F.3d at 874. The Ninth Circuit rejected the contention that *Dhanasar* imposes "objective criteria" on USCIS's discretion, holding that the decision "does no such thing." *Id.* The panel explained that although the *Dhanasar* test

> might flesh out the substance of the "national interest" language, . . . it still calls for a series of open-ended judgments—about "substantial merit," "national importance," and "benefit[s] to the United States"—that fall well short of an administrable "legal standard[] that will permit review under § 1252." Moreover, USCIS's decision still expressly reserves the power to issue a national-interest waiver "as a matter of discretion."

*Id.* (citation omitted); *see also Mousavi v. U.S. Citizenship & Immigration Servs.*, 828 Fed. Appx. 130, 133 (3d Cir. 2020) (rejecting argument that *Dhanasar* limits USCIS's discretion and noting that the three-part test articulated in *Dhanasar* "is not in the statutory text."). The court agrees with *Poursina*. Although *Dhanasar* provides guidance for USCIS when deciding whether a waiver would serve the national interest, the decision whether the *Dhanasar* factors are satisfied and the ultimate determination whether to grant a national

interest waiver remain discretionary and thus barred from judicial review under 8 U.S.C. § 1252(a)(2)(B)(ii).

IV

In *Ike II* the court held that it lacked jurisdiction to consider Ike's Fifth Amendment due process claim because

> Ike "cannot separate [his] constitutional claim[] from [USCIS]'s exercise of discretion." Ike alleges that, even though USCIS issued a NOID, this "did not come with any serious review of the facts of the case." But this court "lack[s] jurisdiction to consider constitutional claims that 'require[] [it] to revisit and review [USCIS]'s exercise of discretion." Ike's constitutional claim goes to the heart of USCIS's statutorily unreviewable discretion to weigh the evidence and deny Ike's Petition. This court cannot review how USCIS acted, or why.

*Ike II*, 2022 WL 717262, at *2 (alterations in original) (footnotes and citations omitted).

Ike does not specifically respond to this ground for dismissal of his due process claim, and he continues to argue only that "USCIS failed to provide him a meaningful opportunity to challenge his denial when it issued a [NOID] that did not seriously review the evidence he submitted to challenge his denial." D. Br. 3. But as the court explained in *Ike II*, this claim "goes to the heart of USCIS's statutorily unreviewable discretion to weigh the evidence and deny Ike's Petition." *Ike II*, 2022 WL 717262, at *2. The court therefore dismisses Ike's Fifth Amendment procedural due process claim for the reasons explained in *Ike II*.

\* \* \*

Accordingly, defendants' November 30, 2021 motion to dismiss is granted, and this action is dismissed without prejudice for lack of subject matter jurisdiction by judgment filed today.

**SO ORDERED**.

June 9, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE